IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| IN RE: PETER R. TIA, | ) | Civil No. 12-00496 JMS/KSC |
| | ) | |
| Petitioner. | ) | ORDER DENYING WRIT OF |
| | ) | MANDAMUS AND DISMISSING |
| | ) | ACTION PURSUANT TO 28 U.S.C. |
| | ) | § 1915 |
| _____ | ) | |

## ORDER DENYING WRIT OF MANDAMUS AND DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915

## I. INTRODUCTION

Before the court is *pro se* Petitioner Peter R. Tia's "Memorandum Writ." ECF No. 1. The court reviewed this document prior to its filing and determined that, although it refers to several civil actions -- Civil Nos. 11-00459 LEK-KSC (civil rights action, pending); 12-00246 DAE-BMK (civil rights action, closed); 12-00295 LEK-KSC (civil rights action, pending); 12-00304 SOM-BMK (habeas action, pending); 12-00374 SOM-RLP (civil rights action, closed); 12-00383 HG-RLP (civil rights action, closed); and 12-00473 LEK-RLP (civil rights action, closed) -- it could not be construed as a properly filed motion in each of these cases.

Instead, because it appears that Tia seeks an order directing the State of Hawaii to release him from its custody (based on his perception that he has been

denied due process and access to the courts in the cases cited above), the document is construed as a petition for writ of mandamus invoking jurisdiction under 28 U.S.C. § 1361.

Tia has neither paid the filing fee nor submitted an *in forma pauperis* application.  For the following reasons, the petition is DENIED and this action is DISMISSED.

## II.  <u>ANALYSIS</u>

### A.    **The Petition is Subject to 28 U.S.C. § 1915(g)'s Restrictions**

The court must initially determine whether Tia's petition for a writ of mandamus is subject to the provisions -- and restrictions -- of § 1915(g).  And the answer depends on the nature of the relief sought and whether the claim for mandamus is analogous to typical suits brought under 42 U.S.C. § 1983.  *See Andrews v. King*, 398 F.3d 1113, 1123 and n.12 (9th Cir. 2005) ("*Andrews I*") ("[S]ome habeas petitions may be little more than 42 U.S.C. § 1983 actions mislabeled as habeas petitions so as to avoid the penalties imposed by 28 U.S.C. § 1915(g).  In such cases, the district court may determine that the dismissal of the habeas petition does in fact count as a strike for purposes of § 1915(g).").

First, it is unclear *how* Plaintiff intended his "Memorandum Writ" to be viewed or docketed by the court.  He captioned the document by referencing

seven different suits -- six of which are civil rights actions, one of which is a

petition for writ of habeas corpus.  Because he sought an order directing the State

of Hawaii to release him from confinement, the court liberally construed the

Memorandum as a petition for writ of mandamus in an effort to make sense of this

request and to alleviate duplication of resources and confusion in these cases, many

of which are closed.

Further, although Tia seeks release, he alleges that the District of

Hawaii is denying him access to the courts and due process by dismissing his

actions pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(a-b), and 1915(g).  Tia has

made similar due process and denial of access to the court claims in his many

actions, and he consistently seeks release in his civil rights actions.  Despite the

form of relief he seeks, Tia's claims are therefore analogous to many prisoner suits

brought under 42 U.S.C. § 1983.  Thus, they are subject to § 1915(g)'s

proscriptions against proceeding in a civil action without prepayment of fees

absent a plausible allegation of imminent danger of serious physical injury.

**B.      The Three-Strike Rule Applies to this Action**

A prisoner may not bring a civil action or appeal a civil judgment *in*

*forma pauperis* if:

> the prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought an action

3

> or appeal in a court of the United States that was
> dismissed on the grounds that it is frivolous, malicious,
> or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious
> physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews I*, 398 F.3d at 1121. "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

At least three of Tia's prior cases qualify as "strikes" under § 1915(g):

(1)   *Tia v. Fujita*, Civ. No. 08-00575 HG-BMK (D. Haw. Jan. 27, 2009) (dismissed for failure to state a claim);

(2)   *Tia v. Criminal Investigation Demanded*, Civ. No. 10-00383 SOM-BMK (D. Haw. Aug. 5, 2010) (dismissed as frivolous and for failure to state a claim); and

(3)   *Tia v. Criminal Investigation*, Civ. No. 10-00441 DAE-BMK (D. Haw. Jul. 30, 2010) (dismissed as frivolous and for failure to state a claim).[1]

---

[1]  This court and the Ninth Circuit Court of Appeals have notified Plaintiff about these and many other strikes in his earlier actions. *See, e.g.*, *Tia v. Borges*, Civ. No. 12-00158 HG-BMK and App. No. 12-16158 (9th Cir. Aug. 9, 2012), Doc. No. 26 ("[T]he district court

As a result, Tia may not bring a civil action without complete prepayment of the $350.00 filing fee unless he is in imminent danger of serious physical injury.

To meet the "imminent danger" requirement, the "threat or prison condition [must be] real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)), and the allegations must be "specific or credible." *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001). In deciding whether Tia alleges imminent danger of serious physical injury, the court initially examines conditions at the time the suit was filed:

> The PLRA provides that a prisoner with three strikes cannot use IFP status to "*bring* a civil action . . . unless the prisoner *is* under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (emphases added). The exception's use of the present tense, combined with its concern only with the initial act of "bring[ing]" the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint. In other words, the availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.

*Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007) (internal citation

---

correctly determined that appellant has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim[.]"); *Tia v. Baker*, Civ. No. 11-00098 HG-KSC, Doc. No. 20, 06/30/11; *Tia v. Doe Defendants as Aggrieved*, Civ. No. 11-00352 SOM-RLP, Doc. No. 13, 07/25/11; *Tia v. Mollway*, Civ. No. 11-00421 JMS-KSC, Doc. No. 8, 07/20/11.

omitted) ("*Andrews II*").  But alleging a plausible, ongoing danger will also satisfy

this requirement.  *Id.* at 1056 (finding, by example, that "a prisoner who alleges

that prison officials continue with a practice that has injured him or others similarly

situated in the past" satisfies the ongoing danger standard).

Tia's Petition falls short -- it does not plausibly allege imminent

danger of serious physical injury, and thus may not proceed without prepayment of

the filing fee.  *See Andrews II,* 493 F.3d at 1053, 1055  ("[T]he exception applies if

the complaint makes a plausible allegation that the prisoner faced 'imminent

danger of serious physical injury' at the time of filing.").  Instead, he simply

complains that the District of Hawaii has denied him due process and access to the

courts, and demands his release.  The record in Tia's many actions show that his

complaints, motions, declarations, and requests have been received, filed, and acted

on with diligence by the court. Tia's claims are legally frivolous.  If he disagrees

with any decision in any of his actions, he is well aware that he may appeal.  Tia's

Petition is dismissed under § 1915(g)'s three-strike rule.

## C.   Tia's Claim Also Fails on the Merits

Even if § 1915(g) is inapplicable, Tia fails to state a cognizable claim

for mandamus relief.  "Mandamus is an extraordinary remedy granted in the

court's sound discretion."  *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003)

(citing *Miller v. French*, 530 U.S. 327, 339 (2000)).  Mandamus relief is only

available to compel an officer of the United States to perform a duty if (1) the

claim is clear and certain; (2) the duty of the officer is ministerial and so plainly

prescribed as to be free from doubt; and (3) no other adequate remedy is available.

*Id.*; *R.T. Vanderbilt Co. v. Babbitt*, 113 F.3d 1061, 1065 n.5 (9th Cir. 1997); *Fallini*

*v Hodel*, 783 F2d 1343, 1345 (9th Cir. 1986).  The "no other adequate remedy"

prong includes a judicial remedy.  *See Power v. Barnhart*, 292 F.3d 781, 784 (D.C.

Cir. 2002); *In re SDDS, Inc.*, 97 F.3d 1030, 1034 (8th Cir. 1996).

Even if § 1361 applied to state officials, Tia fails on all claims.  That

is, his claim is not clear and certain -- instead, it is frivolous.  Further, the duty of

the officer is neither ministerial nor plainly proscribed.  And finally, other adequate

judicial remedies are available.  That is, if Tia disagrees with the district court

rulings in his cases, he can appeal to the Ninth Circuit Court of Appeals.

To the extent that Tia asks the undersigned to overrule the decisions

made by other federal district court judges, this court lacks authority to do so.

*See Mullis v. U.S. Bankruptcy Court for District of Nevada*, 828 F.2d 1385, 1393

(9th Cir. 1987).  In the context of one court issuing a writ of mandamus to another

court, the writ may be issued only by a superior court, that is, by an appellate court,

to direct an inferior court to act in some manner.  *See Roche v. Evaporated Milk*

*Assn.*, 319 U.S. 21, 26 (1943).  For this court to grant a writ of mandamus here, finding that other district judges ruled incorrectly, "would be to permit, in effect, a 'horizontal appeal' from one district court to another or even a 'reverse review' of a ruling of the court of appeals by a district court."  *Mullis*, 828 F.2d at 1392-93 (citations omitted).  Again, Tia has another adequate judicial form of relief -- he may appeal any decision with which he disagrees to the Ninth Circuit Court of Appeals.

Finally, to the extent Tia seeks an order directing the State of Hawaii to release him, this court lacks jurisdiction "to issue a writ of mandamus to a state court[,]" state official, or state agency.  *See Demos v. United States District Court*, 925 F.2d 1160, 1161 (9th Cir. 1991); *Robinson v. Cal. Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("federal courts are without power to issue writs of mandamus to direct state agencies in the performance of their duties") (citations omitted).  The Petition is therefore legally frivolous and is subject to dismissal under 28 U.S.C. § 1915(e)(2).  *Id.* at 1161-62.  Amendment is futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Again, if Tia disagrees with this decision, he may file an appeal with the Ninth Circuit Court of Appeals.[2]

---

[2]  To the extent that Tia intended his "Memorandum Writ" to be filed as a motion in each of the seven cases he refers to, rather than as a separate action, he is NOTIFIED that this type of filing is procedurally improper.  *See* Local Rule LR7.1; LR10.2(c).  Tia may not submit one document, citing numerous cases, and expect that it will be filed and reviewed in each case.

## III.  CONCLUSION

The petition for writ of mandamus is DENIED and this action is

DISMISSED.  Any pending motions are terminated.  The court certifies that any

appeal in this case would not be taken in good faith. The Clerk of Court shall close

the case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 7, 2012.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*In Re: Peter R. Tia's Petition for Writ of Mandamus*, Civ. No. 12-00496 JMS/RLP; Order
Denying Writ of Mandamus and Dismissing Action Pursuant to 28 U.S.C. § 1915(g); psas/3
Strikes Ords/DMP 2012/Tia 12-496 jms Writ of Mandamus